UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____  Docket No. 16-cv-5377

PETER PAPE, JONATHAN SCHENK,

                                   Plaintiffs,

                                                                  **COMPLAINT and**
                                                                  **JURY DEMAND**

        -against-

DIRCKSEN & TALLEYRAND INC.
(D/B/A THE RIVER CAFÉ), and
LUKE VOSSEN,

                                   Defendants.
_____

Plaintiffs PETER PAPE and JONATHAN SCHENK (collectively "Plaintiffs"), by their attorneys, LAW OFFICE OF ALENA SHAUTSOVA P.C. as for their Complaint against Defendant DIRCKSEN & TALLEYRAND INC. (D/B/A THE RIVER CAFÉ) (hereinafter "Defendant RIVER CAFE"), Defendant LUKE VOSSEN (hereinafter "Defendant LUKE VOSSEN"), collectively "Defendants," respectfully set forth and allege that:

**NATURE OF THE CASE**

1. This is an action for equitable relief and money damages on behalf of the Plaintiffs, former Defendants' employees who have been subjected to discrimination, harassment, hostile work environment and retaliation by Defendants based on sex.

1

2. Plaintiffs were and still are respectively deprived of their Constitutional and Statutory Rights as a result of the Defendants' practices of creating a hostile work environment and engaging in retaliatory actions.

3. This is also an action to recover money damages against Defendants whose actions have caused and continue to cause Plaintiffs emotional distress, depression, anxiety, and a loss of life enjoyment. As a result of the discriminatory and retaliatory practices of Defendants herein, Plaintiffs have been injured in that they suffer emotional distress, stress, emotional pain, insomnia, distraction.

4. Plaintiffs have no adequate remedy at law to address the violations described above if relief is not granted, then the rights secured to them by Title VII will be denied to them.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over the Title VII and under 28 U.S.C. §§1331 and 1343, because the current lawsuit arises under the laws of the United States and is brought to recover damages for depravation of equal rights, the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq. ("State HRL"), and New York City Human Rights Law (" the City HRL").

6. This Court has supplemental subject matter jurisdiction over the State and the City HRL claims under 28 U.S.C.§ 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Plaintiffs have complied fully with any and all prerequisites to jurisdiction in this Court under Title VII, and this matter is being filed within ninety days of Plaintiffs' receipt of right to sue letter on or about August 8, 2016.

8. The unlawful employment practices, violations of Plaintiffs' Civil Rights, and tortious acts complained of herein were committed within the Eastern District of New York.

## PARTIES

9. Plaintiff PETER PAPE (hereinafter "Mr. Pape") is a young male residing in New York. Mr. Pape is heterosexual.

10. Plaintiff JONATHAN SCHENK (hereinafter "Mr. Schenk") is a young male residing in New York. Mr. Schenk is heterosexual.

11. Defendant DIRCKSEN & TALLEYRAND INC. (D/B/A THE RIVER CAFÉ) is a for profit domestic corporation that operates RIVER CAFÉ, a business at 1 Water Street, Brooklyn, New York.

12. Upon information and belief, at all relevant times, Defendant RIVER CAFÉ has employed 15 and more employees.

13. At all relevant times, Defendant LUKE VOSSEN was an employee of Defendant RIVER CAFÉ and Plaintiffs' supervisor with the authority to discipline them and control their assignments and schedule.

14. Upon information and belief, Defendant LUKE VOSSEN is gay.

## STATEMENT OF FACTS

**Mr. Peter Pape's Experience**

15. Mr. Pape was hired by Defendant RIVER CAFÉ for a position of a bartender on or about June 5, 2015.

16. Approximately a week after Mr. Pape resumed his duties, Defendant LUKE VOSSEN approached him and stated "nice a**," and would stare at Mr. Pape when he walked away to the kitchen.

17. Defendant LUKE VOSSEN would say to Mr. Pape that the only reason why he had that job was because he was "sexy" or "Thank God you're good looking because you're an idiot." Comments like that were said in front of the wait staff.

18. Defendant LUKE VOSSEN stated to Mr. Pape: "I know it is hard to pay for your college books and tuition these days, if you wanted to start making better tips, well you know… it's not as bad as you think…" This was said when Defendant LUKE VOSSEN was counting cash from a party, implying that Mr. Pape should engage in sexual act with him.

19. Defendant LUKE VOSSEN also stated to Mr. Pape and his roommate Alex: "If I were to ever get you home I would make both of you're a*** bleed."

20. In addition, on several occasions Defendant LUKE VOSSEN touched Mr. Pape's buttocks and intimate parts.

21. On one occasion, Defendant LUKE VOSSEN invited Mr. Pape into his office, closed the door and asked Mr. Pape to seat on his lap while discussing schedule for the next week.

22. Mr. Pape asked Defendant LUKE VOSSEN not to treat him this way and not to talk to him this way. Defendant LUKE VOSSEN would respond that Mr. Pape was "not experienced enough," or that "kids these days aren't experimental anymore."

23. On or about December 8, 2015, Mr. Pape's attorney sent a letter to Defendant RIVER CAFÉ advising that Mr. Pape retained counsel to represent him in connection with his sexual discrimination claim.

24. Upon receipt of the letter, Defendant RIVER CAFÉ demoted Mr. Paper to the position of a server, and shortly terminated his employment.

**Mr. Jonathan Schenk's Experience**

25. Mr. Schenk was hired by Defendant RIVER CAFÉ in October of 2015 to work as a server.

26. At all relevant times, Mr. Schenk's manager was Defendant LUKE VOSSEN.

27. While working for Defendant RIVER CAFÉ, Mr. Schenk was subjected to sexual harassment in the form of hostile environment by his manager Defendant LUKE VOSSEN.

28. To wit, at first Mr. Schenk was subjected to inappropriate, sexual comments, and touching by Defendant LUKE VOSSEN.

29. For example, on or about October 15, 2015, Defendant LUKE VOSSEN told Mr. Schenk: "I bet you could fit all kinds of things in that mouth. I'll keep that in mind."

30. On multiple occasions, Defendant LUKE VOSSEN told, when referring to Mr. Schenk that he was "all looks, no brain."

31. On or about November 6, 2015, Defendant LUKE VOSSEN stated to Mr. Schenk: "I could do all kinds of things to you…" The manner in which this and other phrases were pronounced, left no doubt that Defendant LUKE VOSSEN meant sexual acts when speaking like this to Mr. Schenk.

32. On or about November 8, 2015, Defendant LUKE VOSSEN stated in a conversation with Mr. Schenk "I want to slap you in the face with that lamb bone, you like that? I could do all kinds of things to you... "you have no idea what I'd do to you... I could knock you out with one blow."

33. On the same day, at around 10:00 pm Defendant LUKE VOSSEN entered into the small kitchen and slapped Mr. Schenk's buttocks.

34. On another occasion, when Mr. Schenk was adjusting the lights, Defendant LUKE VOSSEN felt his legs, stating "you're so skinny, there is like nothing there."

35. Mr. Schenk did not welcome such comments and unwanted touching. He felt very uncomfortable and embarrassed. Especially it was true, when Mr. Schenk had to stay with Defendant LUKE VOSSEN by himself. On several occasions Mr. Schenk informed Defendant LUKE VOSSEN that he did not welcome such advances, that he was "straight."

36. On a separate occasion, Defendant LUKE VOSSEN insisted to handfeed Mr. Schenk with some appetizers, putting the food into his mouth.

37. The next day, Mr. Schenk complained about the incident before manager. He stressed how it was wrong and that company employed such an individual despite the fact that he was harassing everybody.

38. Mr. Schenk was terminated shortly thereafter, on or about November 10, 2016, under a pretext that Mr. Schenk was wearing a dirty shirt.

**FIRST CAUSE OF ACTION (Discrimination, TITLE VII against corporate Defendant)**

39. Plaintiffs incorporate by reference all of the preceding paragraphs.

40. Title VII prohibits discrimination against employees based on sex.

41. Title VII prohibits employers from subjecting employees to unwelcome statements or conduct that is based on sex and is so severe or pervasive that the individual being harassed reasonably finds the work environment to be hostile or abusive, and there is a basis for holding the employer liable.

42. Defendant RIVER CAFÉ failed to protect Plaintiffs from harassment and retaliation by their employee LUKE VOSSEN.

43. Defendant RIVER CAFÉ's conduct constitutes unlawful discrimination and harassment in violation of Title VII.

44. Defendant RIVE CAFÉ's conduct constitutes a malicious, willful, and reckless violation of Plaintiffs' rights under Title VII.

45. As a direct and proximate result of Defendant RIVE CAFÉ's conduct Plaintiffs were injured in that they suffered emotional distress, anxiety, depression, stress, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; and they suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiffs are thereby entitled to general and compensatory damages.

### SECOND CAUSE OF ACTION (Retaliation, Title VII against Corporate Defendant)

46. Plaintiffs incorporate by reference all of the preceding paragraphs.

47. Title VII prohibits employers from engaging in retaliatory practices against employees who were engaged in protected activities.

48. By objecting to Mr. LUKE VOSSEN's comments, remarks and offensive conduct and by complaining about LUKE VOSSEN, Plaintiffs engaged in protected activity.

49. There exists a causal connection between Plaintiffs' protected activities and Defendant RIVE CAFÉ's adverse employment action of terminating Plaintiffs.

50. Defendant RIVE CAFÉ's conduct constitutes unlawful retaliation in violation of Title VII.

51. Defendant RIVE CAFÉ's conduct constitutes a malicious, willful, and reckless violation of Plaintiffs' rights under Title VII.

52. As a direct and proximate result of institutional Defendant conduct, Plaintiffs were injured in that they suffered emotional distress, anxiety, depression, stress, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life; they have suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiffs are thereby entitled to general and compensatory damages.

## THIRD CAUSE OF ACTION (STATE HRL)

53. Plaintiffs incorporate by reference all of the preceding paragraphs.

54. At all relevant times, Defendant LUKE VOSSEN was Plaintiffs' supervisor.

55. Defendant LUKE VOSSEN created hostile work environment and personally harassed and retaliated against Plaintiffs.

56. Such conduct by Defendant LUKE VOSSEN constitutes unlawful discrimination, harassment, and retaliation in violation of the New York State Human Rights Law.

## FOURTH CAUSE OF ACTION (CITY HRL)

57. Plaintiffs incorporate by reference all of the preceding paragraphs.

58. At all relevant times, Defendant LUKE VOSSEN was Plaintiffs' supervisor.

59. Defendant LUKE VOSSEN created hostile work environment and personally harassed and retaliated against Plaintiffs.

60. Such conduct by Defendants constitutes unlawful discrimination, harassment, and retaliation in violation of the New York City Human Rights Law.

**WHEREFORE**,

Plaintiffs respectfully request that upon trial this Court enter judgment:

a. Declaring Defendants' actions, policies, and practices violated Title VII, the State and City HRL;

b. Permanently enjoining Defendant RIVE CAFÉ (and its officers, agents, and successors) from engaging in actions, policies, or practices that discriminate or retaliate against any employees because of their place of origin and/or sexual orientation or that discriminate or retaliate against any employees of RIVER CAFÉ because of their participation in this lawsuit, in Plaintiffs' opposition to discrimination by RIVE CAFE, or in any other conduct protected by Title VII, the State and City HRL;

c. Directing RIVE CAFÉ to make Plaintiffs whole by providing them with back pay, reinstatement of front pay in lieu of thereof, and compensation for all lost or diminished employment-related compensation or benefits, past or future;

d. Directing Defendants to pay Plaintiffs compensatory damages for injury to their reputation, for adverse effects on their career, and for diminished earning capacity resulting from the discriminatory and retaliatory actions of RIVE CAFÉ;

e. Directing RIVE CAFÉ to pay Plaintiffs an award of damages to be determined at the time of trial to compensate them for mental anguish, humiliation, embarrassment, and emotional distress and injury;

    f.   Directing RIVE CAFÉ to pay Plaintiffs a portion of its profits during the relevant period as punitive damages to punish and deter continuation of RIVE CAFÉ's unlawful employment practices;

    g.   Awarding Plaintiffs reasonable attorney's fees and costs, as provided Title VII, 42 U.S.C. § 1988; and

    h.   Granting such additional relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims properly triable by jury.


Dated: September 27, 2016
Brooklyn, NY

Respectfully submitted,

                                                               s/_____
                                                    ALENA SHAUTSOVA (as-9641)

                                                    LAW OFFICES OF
                                                    ALENA SHAUTSOVA
                                                    2908A Emmons Ave
                                                    Brooklyn, NY 11235
                                                    Tel. 917-885-2261
                                                    Email: a.shautsova@gmail.com